IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

       v.                                      01-cr-111-bbc-03

COREY M. ROZOWSKI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Corey M. Rozowski's supervised release was held on March 26, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Stephen E. Ehlke. Defendant was present in person and by counsel, Reed Cornia. Also present was Senior United States Probation Officer Kelley M. Gustaveson.

From the record and defendant's stipulation, I make the following findings of fact

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 5, 2002, following his conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of

Prisons to serve a term of imprisonment of 57 months, with a 36-month term of supervised release to follow.

Defendant began his initial term of supervised release on November 22, 2005. His supervised release was revoked on September 12, 2007, following his consumption of alcohol. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of six months, with a 12-month term of supervised release to follow.

Defendant began his second term of supervised release on February 1, 2008. On May 7, 2008, I modified his conditions by adding a special condition requiring him to complete up to 120 days in a residential re-entry center, as well as a condition prohibiting him from frequenting establishments whose primary business is the sale of alcoholic beverages. These conditions were added after defendant admitted to separate incidents of drinking alcohol, during one of which he allegedly punched a bar employee and was charged with disorderly conduct.

On October 31, 2008, defendant violated the statutory condition prohibiting him from committing another state crime when he was arrested and charged with obstruction by Superior, Wisconsin, police officers. He also violated Special Condition No. 3 requiring him to abstain from the use of alcohol when he consumed alcohol, and Standard Condition No. 9 which prohibits him from associating with convicted felons, when he drove Nathaniel Hiatt, a convicted felon, to a bar in Superior.

On November 9, 2008, defendant violated the statutory condition prohibiting him from committing another state crime when he was arrested and charged with obstruction by Superior, Wisconsin, police officers. Defendant also violated Special Condition No. 7 which prohibits him from frequenting establishments whose primary business is the sale of alcohol when he was located by Superior police officers in the Third Base Bar.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may (A) revoke supervised release or (B) extend the term of supervised release and or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. His criminal history category is III. With a Grade C violation and a criminal history category of III, defendant has an advisory guideline range of imprisonment of 5 to 11 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 18 months because the instant offense is a Class C felony and defendant has previously served one six-month sentence for revocation.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. This sentence is inteded

to deter defendant from future criminal acts and provide a drug-free, structured setting in which he will have the opportunity to attend substance abuse counseling and undergo psychological and psychiatric treatment.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Corey M. Rozowski on September 12, 2007, is REVOKED and defendant is committed to the custody of the U.S. Marshals Service for a term of one day, which is deemed served by his appearance today.  A 12-month period of supervised release shall follow.  Defendant is to be registered with local law enforcement agencies and the state attorney general.  All conditions previously imposed will remain in effect.  The following special conditions will also be required.

> (8) Spend up to 180 days in a residential re-entry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy.  Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules.  Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward

4

       the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

(9)    Participate in a mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider.

    Defendant is required to pay any remaining restitution balance while on supervised release. Execution of this sentence will begin immediately.

    Entered this 26th day of March, 2009.

                              BY THE COURT:
                              /s/
                              Barbara B. Crabb
                              U.S. District Judge